■ LINDA LEE, an Infant, by Her Guardian ad Litem, MARGIE LEE, et al., Respondents, v. ELKAY SHOES, INC., Appellant, et al., Defendants. ELKAY SHOES, INC., Third-Party Plaintiff-Appellant, v. AL FLORANT et al., Third-Party Defendants-Respondents.— In a negligence action by an infant and her mother to recover damages for personal injury, loss of services and medical expense, in which the defendant Elkay Shoes, Inc. served a third-party complaint against "Edward" J. Roberts and Al Florant, as third-party defendants, the said Elkay corporation appeals from a judgment of the Supreme Court, Kings County, entered January 23, 1964 after a jury trial. The judgment, *inter alia*: (a) awarded $9,258.15 to the infant plaintiff against the three defendants, Elkay corporation, Al Florant and Jimmy Florant; (b) awarded $600 to the plaintiff mother against said three defendants; (c) dismissed the complaint against the defendant Carter Shops, Inc. (now known as Nathan Gottlieb and Max Lieblein, doing business as Carters) and against the defendant Long Distant Holding Company, Inc.; and (d) directed recovery by the Elkay corporation, as third-party plaintiff, of the sum of $4,929.07, against the third-party defendants Al Florant and "Edward" J. Roberts, on the ground that all of them were joint tort-feasors and, hence, Elkay corporation is entitled to contribution from the others to the extent of one half of the total amount awarded to both plaintiffs against Elkay corporation. By its notice of appeal, the defendant Elkay corporation also brings up for review the court's order, dated January 8, 1964, which denied its motion to set aside the verdict and for a new trial and to direct judgment over in its favor against said third-party defendants for the full amount awarded to plaintiffs. Judgment and order reversed on the law and the facts, and new trial granted, with costs to abide the event, unless, within 30 days after entry of the order hereon, the infant plaintiff and her guardian ad litem shall serve and file a written stipulation consenting to reduce to $6,000 the amount of the verdict in the infant plaintiff's favor, and consenting to the modification and entry of judgment accordingly; and unless, within 20 days after the plaintiffs shall have served and filed such stipulation, the Elkay corporation shall serve and file its written stipulation consenting to reduce proportionately its recovery over against the said third-party defendants and consenting to the modification and entry of judgment accordingly. If such stipulation be filed, then the order and the judgment, as

thus reduced and modified, are affirmed, without costs. In our opinion, the jury's award of $9,000 to the infant plaintiff is excessive. In the light of all the proof adduced we believe that $6,000 is just and adequate compensation for the injury suffered by her. We do not, on this appeal, pass upon the propriety or validity of the recovery over, by way of contribution, by the Elkay corporation, as third-party plaintiff, against the third-party defendants. We have refrained from doing so because said defendants have not appealed from the judgment and apparently do not complain of such recovery over against them; nor have they filed a brief as respondents. Beldock, P. J., Ughetta, Kleinfeld, Brennan and Hopkins, JJ., concur.